**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| LETRIA HALL<br>2909 Kidder Road<br>Clinton, Maryland 20735 (Prince George's County)<br><br>       Plaintiff,<br><br>       v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>7 SKYLINE DRIVE<br>HAWTHORNE, NEW YORK 10532<br>     **Serve On:**    The Corporation Trust Inc.<br>                    351 West Camden Street<br>                    Baltimore, MD 21201<br><br>MARGOLIS, PRITZKER, EPSTEIN<br>& BLATT, P.A.<br>110 WEST ROAD, STE. #222<br>TOWSON, MARYLAND 21204<br>     **Serve On:**    Aaron Margolis<br>                    110 West Road, Ste. #222<br>                    Towson, MD 21204<br><br>       Defendants. | Case No. _____ |

## **COMPLAINT**

Plaintiff Letria Hall ("Hall"), through her attorney Cory L. Zajdel of Z LAW, LLC, hereby submits this Complaint against Cavalry Portfolio Services, LLC ("Cavalry") and Margolis, Pritzker, Epstein & Blatt, P.A. ("MPEB"), and states:

**I.**    **INTRODUCTION**

1.    This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") to recover actual and

statutory damages, reasonable attorney's fees and costs of suit due to Defendants' violations all of which occurred within one year from the filing date of this Complaint.

2.      The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      Plaintiff Hall files this Complaint seeking redress for the illegal practices of Defendants in connection with the collection of a consumer debt in violation of the FDCPA.

4.      In violation of the FDCPA, Defendants mailed the Plaintiff a misleading Stipulation/Payment Plan/Settlement Agreement ("Settlement Agreement") that simulated legal process while attempting to collect the consumer debt and that lead Plaintiff to believe that a collection action had been filed against her.

5.      Defendants further violated the FDCPA while attempting to collect consumer debt by misrepresenting and inflating the amount of the alleged debt in the Settlement Agreement by including a $28.00 court costs in the total amount to be paid even though no collection action had been filed at that time against Plaintiff.

6.      Defendant Cavalry is an entity that acquires defaulted consumer debt that is bought for a few cents on the dollar.

7.      Defendant MPEB is a debt collection law firm that attempts to collect debts on behalf of Cavalry.

8.      Defendants attempt to collect debts from Maryland consumers through the United States mails and by filing debt collection law suits in Maryland's District Courts.

9.      Defendants conduct business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

10.     Defendant Cavalry purchases defaulted consumer debt.

11.     Defendant Cavalry then refers collection activity to Defendant MPEB as a lawyer for Defendant Cavalry.

12.     The communications from Defendants to Plaintiff were generally contradictory, inaccurate and misleading.

## II.      PARTIES

13.     Plaintiff Letria Hall is a natural person currently residing at 2909 Kidder Road, Clinton, Maryland 20735 (Prince George's County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.     Defendant Cavalry Portfolio Services, LLC, is a Delaware Limited Liability Company with a business address of 7 Skyline Drive, Hawthorne, NY 10532.

15.     At all times relevant to this Complaint, Cavalry Portfolio Services, LLC transacted business in the District of Maryland and at other locations throughout Maryland, operating as a debt buyer, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16.     Defendant Margolis, Pritzker, Epstein & Blatt, P.A., is a Professional Association formed under the laws of the state of Maryland with a business address of 110 West Road, Ste. 222, Towson, Maryland 21204.

17.     At all times relevant to this Complaint, Margolis, Pritzker, Epstein & Blatt, P.A. transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18.     At all times relevant to this Complaint, Margolis, Pritzker, Epstein & Blatt, P.A. was acting as attorney and agent for Defendant Cavalry in its efforts to collect consumer debts from Plaintiff and therefore Defendant Cavalry is liable for all of Defendant Margolis, Pritzker, Epstein & Blatt, P.A.'s actions as alleged herein.

### III.     JURISDICTION AND VENUE

19.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

20.     Because Defendants regularly does business within the State of Maryland and files lawsuits in Maryland's state courts, personal jurisdiction is established.

21.     Venue is proper in this District because Defendant Margolis, Pritzker, Epstein & Blatt, P.A. attempted to collect a consumer debt from Plaintiff in this District and the conduct complained of occurred in this District.

### IV.     FACTUAL ALLEGATIONS

22.     On information and belief, many years ago Plaintiff applied for consumer credit in the form of a credit card with HSBC Bank Nevada, which is a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5).

23.     According to Defendants, Plaintiff defaulted on the consumer credit card obligation and HSBC Bank Nevada charged off the debt and sold the right to collect on the charged off debt to Defendant Cavalry.

24.     According to Defendants, Defendant Cavalry hired Defendant Margolis, Pritzker, Epstein & Blatt, P.A. to collect the consumer debt on behalf of Defendant Cavalry.

25.     At all times relevant to this Complaint, Defendant Margolis, Pritzker, Epstein & Blatt acted as the agent of Defendant Cavalry in its efforts to collect the alleged debt and therefore Defendant Cavalry is liable for the acts of Defendant Margolis, Pritzker, Epstein & Blatt.

26.     On April 12, 2011, Defendant Margolis, Pritzker, Epstein & Blatt called Plaintiff on her work telephone number regarding the alleged debt originated with HSBC Bank Nevada.

27.     During that telephone call, Plaintiff requested a payment plan and was told that a proposed payment plan would be provided to her in the mail in short order.

28.     On April 29, 2011, Defendants mailed a Settlement Agreement to Plaintiff that appears to be an official court document.

29.     The Settlement Agreement included a header that appears to be a case caption listing Cavalry Portfolio Service, LLC as the Plaintiff and Letria Hall as the Defendant on the left hand side.

30.     The Settlement Agreement header also includes on the right side the words "IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY[.]"

31.     In the Settlement Agreement, Defendants require Plaintiff to pay "$28.00 [in] court costs, as payment in full of the debt owed."

32.     Finally, the Settlement Agreement concludes "[o]nce this Stipulation is executed by both parties, [Cavalry Portfolio Services, LLC] will dismiss the within case pursuant to Maryland Rule 3-506(b).

33.     To the best of Plaintiff's knowledge, no court costs had accrued on April 29, 2011 when the Settlement Agreement was mailed to her because no debt collection action has been filed to date.

34.     Plaintiff called Defendant Margolis, Pritzker, Epstein & Blatt on May 10, 2011 and asked if a court case had been filed against her.

35.     Defendant Margolis, Pritzker, Epstein & Blatt told Plaintiff that no court case had been filed against her at that time they include the court costs because so many debtors default on their Settlement Agreements.

36.     Plaintiff called Defendant Margolis, Pritzker, Epstein & Blatt again on May 16, 2011 questioning the imposition of court costs prior to filing any collection action against her.

37.     Defendant Margolis, Pritzker, Epstein & Blatt again refused to take the court costs out of the Settlement Agreement.

38.     The Settlement Agreement was never signed by any of the parties.

39.     The form of the Settlement Agreement, the inclusion of court costs and a statement that the case would be dismissed upon execution of the Settlement Agreement could serve no other purpose other than to mislead Plaintiff into believing that a debt collection action had already been filed in the District Court of Prince George's County against her and to inflate the amount of the alleged debt.

40.     While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

41. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V. CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

42. Plaintiff incorporates by reference all of the allegations of this Complaint as though fully stated herein.

43. While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

44. FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692e(13), 1692f and 1692g(a) amongst others.

45. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, severe emotional distress and mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual and compensatory damages pursuant to 15 U.S.C. § 1692k against Defendants including an award for emotional distress and mental anguish;

- for an award of statutory damages pursuant to 15 U.S.C. § 1692k against each Defendant not to exceed $1,000 per Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each Defendant;

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: June 1, 2011                        _____/s/___28191_____
                                           Cory L. Zajdel, Esq.
                                           10811 Red Run Blvd., Ste. 204
                                           Owings Mills, MD 21117
                                           (443) 213-1977
                                           clz@zlawmaryland.com

                                           Attorney for Plaintiff

## **JURY TRIAL**

Plaintiff Letria Hall demands trial by jury.

_____/s/_____28191_____
Cory L. Zajdel